E-FILED
Tuesday, 31 July, 2018 03:58:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENT PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 18-CV-1252 |
| ) | |
| WARDEN JUSTIN HAMMERS, ) | |
| LT. JOHNSON, LT ELDRIDGE, ) | |
| MRS. MADTSON, and ) | |
| ANGIE ALLEN, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Illinois River Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

status into account.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff is openly homosexual and transgender, in the process of starting hormone therapy.  On April 18, 2018, Lieutenant Eldridge ordered Plaintiff along with five other openly gay/transgender/bisexual inmates to sing "Happy Birthday" to a Major in an "overly flamboyant" manner—"the more feminine the better."  Lieutenant Eldridge also asked the six inmates to shake their asses and wear short shorts.  The six inmates did as they were ordered.  Lieutenant Eldridge and other officers apparently thought this would be a funny birthday prank on the Major.

The Major did not agree, yelling at the inmates to "get the fuck out" and "this shit ain't funny."  Plaintiff felt harassed, demoralized, and discriminated against.  Plaintiff wrote complaints about the incident, which played a part in Lieutenant Eldridge's forced retirement.  The other Defendants then began retaliating against Plaintiff for Plaintiff's complaints about the incident.  In particular,

Lieutenant Johnson moved and continues to frequently move Plaintiff to different cells, sometimes with inmates who pose a threat to Plaintiff, forcing Plaintiff to refuse housing and leading to disciplinary reports against Plaintiff for refusing housing. The Defendants with mental health training have done nothing to help Plaintiff and have either participated in or failed to stop the retaliation.

Plaintiff states a 14th Amendment claim (equal protection) and an 8th Amendment claim (cruel and unusual punishment) against Lieutenant Eldridge based on the April 2018 incident. Plaintiff also states a claim for retaliation for the exercise of his First Amendment rights; an Eighth Amendment failure to protect claim for his intentional placement in cells with inmates who pose a risk to Plaintiff; and, an Eighth Amendment claim for deliberate indifference to Plaintiff's serious mental health needs. The latter three claims will proceed against all Defendants at this time until the record is further developed.

Plaintiff has also moved for a temporary restraining order, asking the Court to order that Plaintiff be housed with a particular inmate, Bob Donley K57096. The Court cannot order that Plaintiff

be housed with a particular inmate. Housing decisions are generally left to the discretion of prison officials unless those decisions place an inmate at a serious risk of harm.

The Court held a status conference on July 20, 2018, to determine whether Plaintiff's motion for a temporary restraining order should be set for an evidentiary hearing regarding Plaintiff's safety. Plaintiff reported that he is now in segregation pending a decision on a disciplinary ticket. The Lieutenant who was present in the room agreed to inform the Clerk (217-492-4020) of where Plaintiff is placed after the disciplinary hearing.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a 14th Amendment claim (equal protection clause) and an 8th Amendment claim (cruel and unusual punishment) against Lieutenant Eldridge based on the April 2018 incident. Plaintiff also states a claim for retaliation for the exercise of his First Amendment rights; an Eighth Amendment failure to protect claim for his intentional placement in cells with inmates who pose a risk to Plaintiff; and, an Eighth Amendment claim for deliberate indifference to Plaintiff's serious

mental health needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motion for the Court to appoint counsel is denied (6),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff attaches copies of letters he wrote to attorneys on July 5, 2018, but he does not attach any responses. If Plaintiff renews his motion, he should attach the responses (if any) and set forth any jobs he has held inside and outside of prison, any classes he has taken in prison, his mental health diagnoses, and any medication he is taking.

12) **Plaintiff's motion for a temporary restraining order is denied (d/e 7), with leave to renew.**

13) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

15) **The Clerk is directed to email this order to Illinois Assistant Attorney General Kyle Rockershousen.**

ENTERED: July 31, 2018

FOR THE COURT:

<u>     s/Sue E. Myerscough     </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE